IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:25-mj-073; 3:25-cr-070 |
| v. | ) | **GOVERNMENT'S RESPONSE TO DEFENDANT'S APPEAL OF DETENTION ORDER** |
| JACK JAMES ERSELIUS, | ) | |
| Defendant. | ) | |

COMES NOW the United States of America, by and through Assistant United States Attorney Kaitlyn R. Macaulay and hereby responds to Defendant's Appeal of the Order for Detention.

**TABLE OF CONTENTS**


**I. BACKGROUND........................................................................ 1**

**II. APPLICABLE LAW.................................................................. 5**

**III. ARGUMENT........................................................................ 5**

**IV. CONCLUSION...................................................................... 7**


## I. BACKGROUND

On September 13, 2025, defendant was charged by criminal complaint with Receipt of Child Pornography, in violation of Title 18, United States Code, Section 2252A(a)(2); Possession of Child Pornography, in violation of Title 18, United States Code, Section 2252A(a)(5)(B); and Cyber Stalking, in violation of Title 18, United States Code, Section 2261A(2). (R. Doc. 1.) The affidavit in support of the complaint summarized aspects of the investigation, and specifically, defendant using multiple Discord social media platform accounts in order to solicit others to rape, stalk, kidnap,

and/or cyberflash young females and minors. *Id*. The affidavit also outlined that defendant received and possessed pictures of the victims, including computer-generated child pornography, and sent the victim's personal identifying information (including names, dates of birth, phone numbers, addresses, vehicle information, and social media account information) to other Discord users in furtherance of his solicitation of others to rape, stalk, and/or cyberflash the victims. *Id*. Defendant also tracked and shared the contemporaneous location of the victims', who he was tracking via the Snapchat location. *Id.* at p. 14-15.

Defendant was arrested on September 18, 2025, and had his initial appearance in Des Moines, Iowa, on September 19, 2025. (R. Doc. 4, 5.) On September 23, 2025, Defendant had a detention hearing in Davenport, Iowa, in front of the Chief Magistrate Judge Stephen B. Jackson Jr. (R. Doc. 16.) After the hearing, Chief Magistrate Judge Jackson ordered Defendant detained. (R. Doc. 18.) On October 9, 2025, a Grand Jury for the Southern District of Iowa returned an Indictment charging defendant with one count of Receipt of Child Pornography, in violation of Title 18, United States Code, Section 2252A(a)(2); one count of Possession of Child Pornography, in violation of Title 18, United States Code, Section 2252A(a)(5)(B); and thirteen counts of Cyber Stalking, in violation of Title 18, United States Code, Section 2261A(2). (R. Doc. 23.)

At the detention hearing, the government presented multiple exhibits displaying defendant's messages to other Discord users, where defendant graphically describing how he wanted the victims kidnapped, raped, stalked, and cyberflashed.

(R. Doc. 9.) The government also offered statements from eight victims who wished to be heard on the matter of release, pursuant to18 U.S.C. § 3771(a)(4) and Federal Rule of Criminal Procedure 60(a)(3), which outlined the fear the victims continue experience as a result of the defendant's actions, the defendant's release and presence in the community, and the possibility of defendant again being released back into the community. (R. Doc. 25.) Additionally, the government presented testimony from Det. Tiffany Lord of the University of Iowa Police Department and Johnson County Joint Forensic Analysis Cyber Team. (R. Doc. 19 at p. 10.) Det. Lord testified about the investigative steps she took, which led her to defendant's three Discord accounts. *Id*. at p. 11 – 15. Det. Lord testified about the government exhibits, which she stated were just excepts from the many chats that Det. Lord found from defendant's social media accounts and devices. *Id*. at p. 16 – 19.

During cross examination, upon questioning from Mr. Parrish, Det. Lord testified she was aware that there are devices that can used to monitor a person's internet activity on an electronic device; however, she also is aware that they can be bypassed. (Id. at p. 31-32.) Det. Lord further testified that based upon her review of the evidence, defendant was using sophisticated means such as Lowkey, a messenger application where chat messages disappear, and a user needs a seed phrase to even access the account. *Id.* at p. 35-36. Det. Lord also testified that the victim's have continued to receive messages since the defendant's initial arrest and release from Johnson County. *Id.* at p. 23-24, 35. Det. Lord explained that those messages have been sent from untraceable accounts, and so while they have not been able to directly

tie them back to the defendant, they have also not been able to rule him out, and additionally the content suggests they originated from defendant. *Id.* at p. 23-24. For example, Det. Lord testified that one of the victims received an unwanted message about her running, but the victim had not told anyone, even her friends, that she had started running. *Id.*

Defendant then presented Mr. James Kivi, defendant's grandfather, who would act as third-party custodian if defendant was released from detention. *Id.* at p. 38-39. However, during Mr. Kivi's cross, he acknowledged that he was not very up to date on electronic advancements. *Id.* at p. 43-44. Mr. Kivi's lack of familiarity with technological advances was evidenced from his testimony. *Id.* at 40-41, 43-44 (describing that he did not see how defendant could access his iPad without his knowledge, and then further describing that he "didn't know how [the defendant] could [access the internet] in [their] home without a computer or an iPad," but then admitting on cross examination that they had a smart TV at their residence.)

As part of his ruling, Judge Jackson found that despite defendant rebutting the presumption for detention, clear and convincing evidence was offered to support that no condition or combination of conditions of release would reasonably assure the safety of the community. *Id.* at p. 52 – 55. Judge Jackson described defendant's conduct as "beyond comprehension" and "insidious." *Id.* at p. 55. Additionally, Judge Jackson commented on how the victim statements reflected that the defendant was someone the victims knew and trusted and how his release to their community, where many of the victim live or are from, presented a continuous threat. *Id.* Judge Jackson

also challenged defendant's proffer that defendant's charges were nonviolent, stating that child pornography is a crime of violence and the activities by the defendant in relation to the cyber stalking charge "raise the hair on the back of [his] neck" and put the victims in harm's way. *Id*. at 55-56.

## II. APPLICABLE LAW

The government sought the detention of defendant under Title 18, United States Code, Section 3142(f)(1)(A), citing the rebuttable presumption under Title 18, United States Code, Section 3142(e)(3)(A), and offering evidence to support that "no condition or combination of conditions will reasonable assure the safety of any other per son and the community [… by] clear and convincing evidence. 18 U.S.C. § 3142(f)(2).

Defendant now seeks review of Judge Jackson's findings and order of detention. (R. Doc. 20.) The government agrees with the defendant that the applicable standard of review is *de novo*. *Id*.

## III. ARGUMENT

The government provided ample evidence through testimony, exhibits, and victim statements for Judge Jackson to find that there was clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of the community if defendant was released. The communications defendant engaged in showed that he was actively soliciting strangers online to rape, kidnap, stalk, and cyberflash young women (some of whom were minors) that defendant knew and had grown up with. *Id.* at p. 55. Defendant sought out computer-generated child

pornography of the victims and shared profiles of the victims with their names, pictures, dates of birth, addresses, vehicle information, and social media handles in furtherance of having strangers in cyberflash, stalk, and rape those young women, some of whom were minors at the time. Judge Jackson correctly characterized the defendant actions as insidious and a violation of trust, concluding the government had met is burden and defendant should be detained under the factors from Title 18, United States Code, Section 3142(g).

Defendant takes issue with Judge Jackson finding that the lengths defendant would have to take to provide conditions of release suggest that release is not appropriate. (R. Doc. 20 at p. 4, 10.) However, evidence was presented that defendant engaged in this criminal behavior from 2023 to 2025 without being caught and used sophisticated technological means to avoid detection. *Id.* at p. 11, 35-36. Furthermore, Judge Jackson reasoned that despite defendant's history and characteristics pointing towards release, the amount of time defendant's criminal actions went undetected, combined with a third-party who had limited technological awareness made release not appropriate. *Id.* at p. 11, 44, 55-56. A judicial officer is not limited to examining factors under § 3142(g) in the light most favorable to a defendant. 18 U.S.C. § 3142(g). Instead, the judicial officer is instructed by that statute to take into account the information made available to him or her. *Id.*

Here, Judge Jackson weighed all of the evidence presented to him and found, despite defendant rebutting the presumption for detention with his release plan, the "extremely concerning" nature and circumstances of the offenses charged, the weight

of the evidence being strong, and the nature and seriousness of the danger to any person or to the community being very high, all led to detention.

## IV. CONCLUSION

The evidence clearly shows that the defendant engaged in a very serious course of conduct that created a significant danger to numerous victims. The evidence shows that defendant used sophisticated means to engage in this course of conduct, and continues to pose a significant danger not only to the specific victims here, but the community in general. The government has met its burden in proving that no condition or combination of conditions of release could reasonably assure the safety of the community. Therefore, this Court should affirm Judge Jackson's findings and order of detention.

Respectfully submitted,

Richard D. Westphal
United States Attorney

*/s/ Kaitlyn R. Macaulay*
Kaitlyn R. Macaulay
Assistant United States Attorney
U.S. Courthouse, Suite 310
131 East Fourth Street
Davenport, Iowa 52801
Tel: (563) 449-5432
Email: kaitlyn.macaulay@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by:

_X_ ECF/Electronic filing

UNITED STATES ATTORNEY
By: */s/ Kaitlyn Macaulay*
AUSA