IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | Criminal No. 3:25-cr-070 |
| v. | ) ) | GOVERNMENT'S |
| JACK JAMES ERSELIUS, | ) ) | SENTENCING MEMORANDUM |
| Defendant. | ) ) ) |  |

COMES NOW the United States of America, by its undersigned counsel, and provides the following memorandum for the sentencing in this matter, set for July 8, 2026, at 9:00 AM.

## I.     PROCEDURAL BACKGROUND

Defendant pleaded guilty to Receipt of Child Pornography (Count 1), in violation of Title 18, United States Code, Sections 3352A(a)(2) and 2252a(B)(1); and to Cyber Stalking (Counts 3, 4, 6, 7, 9, 10, 11, 12, 13, 14, and 15) in violation of Title 18, United States Code, Sections 2261(b)(5), 2261A(2)(A), and 2261A(2)(B). Presentence Investigation Report, ECF No. 65, ¶ 1, 3 (hereinafter "PSR"). Pursuant to the parties' plea agreement, the government agreed to dismiss Counts 2, 5, and 8 at the time of sentencing and agreed to a non-binding recommendation of a sentence where Counts 2, 3, 4, 6, 7, 9, 10, 11, 12, 13, 14, and 15 run concurrent to Count 1, so that imprisonment would not exceed 240 months. *Id.* ¶ 4.

There are three outstanding objections to the PSR. The government does anticipate presenting additional evidence and exhibits at sentencing through the testimony of Detective Tiffany Lord of the University of Iowa Police Department. The

government also anticipates numerous victim impact statements to be presented at sentencing.

## II.   SENTENCING CALCULATION

### A.   Statutory Maximum and Minimum Sentence

Based on Defendant's plea of guilty to Count 1, Defendant is subject to a mandatory minimum sentence of 5 in prison and a maximum sentence of 20 years in prison, at least 5 years and up to life of supervised release, a fine of up to $250,000, a $100 special assessment, a $5,000 special assessment under the Justice for Victims of Trafficking Act of 2015, and an up to $35,000 special assessment under the Amy, Vicky, And Andy Child Pornogrpahy Victim Assistance Act of 2018. PSR ¶¶ 165, 169, 174-177.

Based on Defendant's plea of guilty to Counts 2, 3, 4, 6, 7, 9, 10, 11, 12, 13, 14, and 15, Defendant is subject to a maximum sentence of 5 years on each count, not more than three years of supervised release on each count, up to $250,000 fine on each count, and a $100 special assessment on each count. PSR ¶¶ 165, 169, 174, 175.

### B.   Disputed Guideline Issues

#### 1.   Defendant possessed child pornography of 13 victims.

As per the discovery provided to defense and the probation office (BATES 20-29 of discovery shared with defense on October 29, 2025), along with the anticipated testimony of Detective Tiffany Lord, Det. Lord discovered a total of 37 child pornography images of 13 identified victims on Defendant's devices and accounts.

2

Det. Lord will testify that she reported these images to the National Center for Missing and Exploited Children as a Newly Identified Child Victim Submission.

Additionally, based on the amended plea agreement, Defendant agreed that all relevant conduct for Count 2, Possession of Child Pornography will be considered by the Court at the time at sentencing. (R. Doc. 53, ¶ 2.) Defendant also agreed that on or about January 21, 2025, while in the Southern District of Iowa, he possessed digital computer files that contained computer-generated nude images of multiple victims, that constituted lascivious exhibition of the genitals. (R. Doc. 53, Attachment A, ¶¶ 38-39.)

Therefore, paragraph 18(f)'s statement that Defendant possessed computer-generated child pornography of 13 different victims is accurate.

### 2. Restitution should be imposed under the Mandatory Victim Restitution Act of 1996 and the Amended Plea Agreement.

Victims 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 15, 16, 17, 18, 19, and 20 are all crime victims[1] under Title 18, United States Code, Section 3771(e)(2) based on the

---

[1] Furthermore, Victim 14 is also a victim in that Victim 14 is permitted to make a victim impact statement at sentencing. See 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."); USSG § 1B1.4 (Nov. 2025) ("In determining the sentence to impose, the court may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law."(citing 18 U.S.C. § 3661)); see also *Pepper v. United States*, 562 U.S. 476, 488 (2011) (section 3661 permits a sentencing court to "consider the widest possible breadth of information about a defendant"); *United States v. Weiner*, 518 F. App'x 358, 367 (6th Cir. 2013) (the testimony of the mother of a victim of unrelated and uncharged sexual assault was relevant to the background, character, and conduct of the defendant regardless of whether she was technically a "victim" under the CVRA); *United States v. Spiwak*, 377 F. App'x 319, 323–24 (4th Cir. 2010) (per curiam) (finding no error in the government presenting prior sexual abuse victim's testimony to support upward departure in child pornography possession case, even though witness was not a victim under the CVRA).

charged counts of the Indictment. Pursuant to Title 18, United States Code, Sections 2259(a), (b)(4), restitution for Count 1 is mandatory.

Additionally, Defendant agreed "that the Court should impose an order of restitution for all relevant conduct including conduct related to the dismissed counts, in an amount determined by the Court." (R. Doc. 53, ¶ 23; Attachment A, ¶ 41.)

Therefore, both the law and the plea agreements require this Court to order restitution for the requesting victims under the Mandatory Victim Restitution Act of 1996 and permit this Court to order restitution for the remaining requesting victims.

**3.    Defendant should be ordered to pay the additional special assessments under the Justice for Victims of Trafficking Act of 2015 and the Amy, Vicky, And Andy Child Pornogrpahy Victim Assistance Act of 2018.**

Defendant is not indigent and therefore should be ordered to pay the special assessments under the Justice for Victims of Trafficking Act of 2015 and the Amy, Vicky, And Andy Child Pornogrpahy Victim Assistance Act of 2018.

Defendant's current net worth is over $11,000. PSR ¶159. Defendant is 20 years old, is college educated, and he does not have any dependents. PSR ¶¶ 126, 134, 150, 151. Defendant is currently represented by multiple privately retained counsels. (R. Doc. 12, 13, 31, 42).

Based on Defendant's current assets along with future earning potential, this Court should not find him indigent and should order special assessments under the Justice for Victims of Trafficking Act of 2015 and the Amy, Vicky, And Andy Child

Pornogrpahy Victim Assistance Act of 2018, to be paid after restitution for the victims in this case.

### C.    Sentencing Guidelines Calculation

The PSR correctly calculated the advisory guidelines range in this case as follows:

| | |
|---|---|
| USSG §2G2.2(a)(2) (base): | 22 |
| USSG §2G2.2(b)(3)(F) (distribution) | +2 |
| USSG §2G2.2(b)(6) (computer) | +2 |
| USSG §2G2.2(b)(3)(F) (distribution) | +2 |
| USSG §2G2.2(b)(7)(A) (10 - <150 images) | +2 |
| USSG §3D1.4 (6.5 units) | +5 |
| USSG §3E1.1 (acceptance of responsibility): | −3 |
| Total Offense Level: | 30 |
| Criminal History Category | 1 (0) |
| Guideline Sentencing Range: | 97–121 months |

## III.    SENTENCING FACTORS & GOVERNMENT'S RECOMMENDATION

The appropriate sentence to be imposed by the Court should be "sufficient but not greater than necessary" to meet relevant sentencing objectives, which include:

1.  the nature and circumstances of the offense and history and characteristics of the defendant;
2.  the need for the sentence imposed –
    A.  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    B.  to afford adequate deterrence to criminal conduct;
    C.  to protect the public from further crimes of the defendant; and

      D.     to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

3. the kinds of sentences available;

4. the guideline sentencing range;

5. any pertinent policy statement;

6. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

7. the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. § 3553(a).

The government recommends an upward variance of at least 60 months to a sentence of 181 months of imprisonment. The government would also advocate for a length term of supervised release to follow, of at least more than 5 years.

As part of the instant offense, Defendant not only procured and created computer-generated child pornography images of 13 different victims, but Defendant also made "calling cards" for ten of them that included personal information such as their pictures, name, age, date of birth, vehicle information, addresses, phones numbers, and social media handles. (Govt. Sent. Ex. 1.) Defendant included "highlights" in some of these calling cards that commented on and objectified the physical attributes of these girls and young women. (Govt. Sent. Ex. 1.) Defendant went even further on some of these calling cards by commenting on "what needs done" to these victims by describing disturbing and explicit sexual acts he wished upon these victims. (Govt. Sent. Ex. 1.)

Defendant did not stop at making pornographic images and calling cards of these victims. From 2023 to 2025 Defendant repeatedly sent these calling card to people on the internet in attempts to have these girls and young women "raped,"

"stalked," and "ruined." PSR ¶¶ 21-72, 103-118. Defendant would call these victim inhumane names and descriptions such as a "perfect rapetoy," "cum filled," "my whores," cum rag," "slutty teen whores," "super rapeable," "my teens," "piece of meat," "the bitch," and "young sluts." PSR ¶¶ 24, 33, 41, 43, 44, 50 58, 59, 61, 65.

Defendant repeatedly asked others on the internet to help him find pedophiles to rape these victims, to cyberflash[2] them, and to stalk them. PSR ¶¶ 21-72, 103-118. Defendant's actions and requests were not part of a fantasy that would never come to reality; instead he insisted that he wanted these victims raped over and over, offered to pay people to commit these crimes, and insisted on his seriousness when questioned or even called out by others on the internet for his criminal behavior and desires, stating he did not think he would get caught. PSR ¶¶ 23, 27, 29, 30, 32, 36, 39, 40, 44, 51, 56, 57, 69, 108.   Defendant would send screen shots of satellite views of victims' homes, their family's contact information, and live updates on victim's locations to the people online that Defendant solicited to stalk and rape these victims. PSR ¶¶ 27, 28, 29, 44, 45, 68. Defendant described how he knew these victims from his hometown, how some victims had actually been stalked and cyberflashed by people he solicited, and multiple victims reported being contacted and cyberflashed by people they did not know. PSR ¶¶ 27, 46, 70, 72, 116.

Examples of Defendant's conversations with other people online show the callousness he felt for the safety, dignity, and humanity of these girls and young

---

[2] Cyberflashing  is when someone sends a photo or video of their genitals, or someone else's, to another person without their consent.

women. (Govt. Sent. Ex. 2, 3, 4, 5, 6, 7, 8, 9, 10, 11.) These samples of his hundreds of messages over multiple years demonstrate that Defendant meant what he said in his requests to have others stalk, rape, and ruin these victims from his community. (Govt. Sent. Ex. 2, 3, 4, 5, 6, 7, 8, 9, 10, 11.)

According to the Stalking Prevention, Awareness, and Recourse Center (SPARC), nearly 1 in 3 women in the United States are stalked at some point in their lives. Smith, S.G., Basile, K.C., & Kresnow, M. (2022). The National Intimate Partner and Sexual Violence Survey (NISVS): *2016/2017 Report on Stalking*. Atlanta, GA: National Center for Injury Prevention and Control, Centers for Disease control and Prevention. 48% of sexual assault survivors between the ages of 18 to 24 also experience stalking. Brady, P. Q., & Woodward Griffin, V. (2019). *The Intersection of Stalking and Sexual Assault Among Emerging Adults: Unpublished Preliminary Results*. mTurk Findings, 2018. 16% of victims who are 18 to 24 years old reported that their stalkers shared nude or semi-nude content of them as part of their online stalking. Brady, P.Q., Reyns, B. W., Landhuis, J., & Woodward Griffin, V. (2023). *APPlied stalking: What the next generation of stalking victims consider to be 'stalking' and why victims report their experiences to the police*. Journal of Criminal Justice, Volume 84, 2023.

Furthermore, 80% of victims report being stalked via technology with 40% of undergraduates experience stalking through technology. Morgan, R.E., & Truman, J.L. (2022). *Stalking Victimization, 2019*. Washington, DC: US DOJ, Bureau of Justice Statistics, Special Report; Reyns, B. W., Henson, B., & Fisher, B. S. (2012).

*Stalking in the twilight zone: Extent of cyberstalking victimization and offending among college students*. Deviant Behavior, 33(1), 1-25. The most common forms of technology-based stalking include communication via phone calls and texts (66%), unwanted e-mail and social media messages (55%), monitoring of social media activity (32%), posting or threatening to post personal information (29%), being spied on with technology (22%), and location tracking with a device or application (14%). Morgan, R.E., & Truman, J.L. (2022). *Stalking Victimization, 2019*. Washington, DC: US DOJ, Bureau of Justice Statistics, Special Report.

The statutory penalties and guidelines for Cyber Stalking do not encapsulate lengths Defendant was willing to go to unsure the harm of the girls and young women he victimized. The statutory maximum is five years if the victim is not killed, permanently disfigured, or physically injured. 18 U.S.C. §§ 2261(b)(1), (b)(2), (b)(3), (b)(5). Furthermore, this crime begins with a base offense level of 18 and provides only an additional two levels for aggravating factors such as bodily injury, strangulation, use of a weapon, or pattern of activity, and four levels if more than one of the factors applies. USSG §§ 2A6.2(a), (b)(1).

The statute and the guidelines do not account for the fact that Defendant offered to pay people to come and hurt these victims, the fact that he provided real-time locational data to others to find these victims, the fact that he solicited people to help him find pedophiles to rape these victims, the fact that he received sexual gratification from knowing he was putting these victims in real danger, the fact that he continuously engaged in this behavior over several years, the fact that many of

these victims were minors, the fact that he shared extremely personal details of the victims to strangers on the internet, the fact that several victims were actually stalked in person and online, and the fact that Defendant knew these victims from his community. Defendant should not be credited with the lack of evidence of any of the victims being physically harmed since all of his actions showed he had clear intent to have these numerous victims, including minors, cyberflashed, stalked, and raped.

In order to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide justice to all the girls and young women that Defendant harmed including Victim 1, Victim 2, Victim 3, Victim 4, Victim 5, Victim 6, Victim 7, Victim 8, Victim 9, Victim 10, Victim 11, Victim 12, Victim 13, Victim 14, Victim 15, Victim 16, Victim 17, Victim 18, Victim 19, and Victim 20, Defendant should receive an upward variance or at least 60 months, leading to a sentence of 181 months. A sentence below this amount would be insufficient to accomplish the goals of sentencing.

WHEREFORE, the government requests the Court consider this sentencing memorandum in determining the final sentence of Defendant.

Respectfully submitted,

David C. Waterman
United States Attorney

By: */s/Kaitlyn Macaulay*
Kaitlyn R. Macaulay
Assistant United States Attorney
United States Courthouse
131 East Fourth Street, Suite 310
Davenport, Iowa 52801
Tel: (563) 449-5432
Fax: (563) 449-5433
Email: kaitlyn.macaulay@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2026, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record:

   X   ECF/Electronic filing

UNITED STATES ATTORNEY

By: */s/ Joshua Kramer*
   Paralegal Specialist